UNITED STATES of America, Libelant,

v.

PARAFFIN WAX, 2255 BAGS

and

Baird Chemical Corporation, Impleaded Respondent.

Misc. 1977.

United States District Court
E. D. New York.

May 11, 1956.

---

Benjamin, Galton & Robbins, New York City, for impleaded respondent, for the motion.

Bigham, Englar, Jones & Houston, New York City, proctors for claimant, Burgi-Tobler, in opposition.

RAYFIEL, District Judge.

The respondent-impleaded, hereinafter called Baird, entered into an agreement with the third-party plaintiff, hereinafter called Burgi-Tobler, for the sale to the latter of a quantity of paraffin wax which Baird, after receiving the purchase price and shipping charges therefor, caused to be placed on board a vessel at San Francisco for shipment. Upon arrival in New York the wax was seized by the Government, which filed its libel in this court, claiming that the wax was forfeited to the libelant because, in violation of law, a false "Shipper's Export Declaration", respecting the destination of the wax, had been filed by the shipper. Burgi-Tobler filed its claim to the wax, averring that it was the owner thereof at the time of the filing of the lien, and also its answer to the libel. By reason of the seizure the wax has not been delivered to the claimant.

Thereafter Burgi-Tobler applied for, and by order of this Court dated March 2, 1956, obtained leave to make Baird a party to this action. A summons and third-party complaint was then served upon Baird, the said complaint alleging, inter alia, its aforementioned agreement with Baird for the purchase of the paraffin wax, its payment therefor, the non-delivery thereof to the claimant, its seizure by the Government and the reasons for same, the filing of the libel, the absence of fault on the claimant's part for the seizure, and its claim for such damage as it might sustain as a result of the libelant's action against it.

Baird has moved (a) for an order under Rule 12(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., quashing the service of process upon it, or (b) in the alternative, for an order vacating the aforementioned order of March 2, 1956, which granted leave to serve a third-party complaint upon it. The motion was made returnable before Chief Judge Inch, who referred the same to me, inasmuch as it seeks the vacation of my order of March 2, 1956.

Baird points to the fact that Rule 14 (a) of the Federal Rules of Civil Procedure provides that a *defendant* may move for leave as a third-party plaintiff to serve a summons and complaint upon a person not a party to the action *who is or may be liable to him for all or part of the plaintiff's claim against him,* and argues (a) that Burgi-Tobler is not a defendant within the purview of the said rule, but, rather, a claimant, and (b) that the amended libel herein states a claim for forfeiture, is a proceeding in rem, not in personam against Burgi-Tobler, and hence, is not a claim for which Baird may be liable to the claimant.

The point that Burgi-Tobler is not a defendant within the meaning of Rule 14(a), supra, is entirely without merit. Having appeared in the action,

and answered the libel, it is to all intents and purposes a defendant, contesting the Government's claim to forfeiture.

Baird's claim that Rule 14(a) is inapplicable is inconsistent with the position which it took in opposition to a previous petition by Burgi-Tobler under Admiralty Rule 56, 28 U.S.C.A. for leave to implead Baird. It then argued, and successfully, that the relief sought could not be obtained under the admiralty rules, but was available only under Rule 14(a) of the Federal Rules of Civil Procedure. Judge Byers and Judge Galston, in previous decisions herein, found that the Federal Rules of Civil Procedure govern the practice. Nor is there any merit to Baird's contention that since the libel makes no claim against Burgi-Tobler the latter can have no claim over against Baird. The fact is that the Government claims forfeiture of the seized wax, *the purchase price and shipping charges of which were paid to Baird, the shipper, by Burgi-Tobler, which has not received the same.*

Accordingly, Baird's motion is in all respects denied.